IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH MONTGOMERY,<br><br>     Petitioner,<br><br>    vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>     Respondent. | No. 2:08-cv-00381-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Brian Keith Montgomery, a state prisoner proceeding *pro se*, has filed a petition for relief under 28 U.S.C. 2254. Montgomery is currently in the Custody of the California Department of Corrections and Rehabilitation (CDCR) incarcerated in the California State Prison, Solano. Respondent has answered the petition and Montgomery has filed his traverse.

## I.  BACKGROUND/PRIOR PROCEEDING

  Montgomery is currently serving an indeterminate sentence of 15 years to life upon his conviction for attempted premeditated murder.[1]

  Montgomery was issued a Rules Violation Report (RVR) charging a violation of California Code of Regulations, title 15, § 3006(c)(18), possession of contraband, to wit: tobacco. After a hearing in March 2007 before a Special Hearing Officer (SHO), Montgomery was found guilty. Montgomery exhausted his administrative remedies and filed a habeas corpus petition in the Solano County Superior Court, which denied his petition in a reasoned decision. Subsequent petitions were presented to the California Court of Appeal, First Appellate District, and the California Supreme Court. The California Court of Appeal and California Supreme Court summarily denied Montgomery's petitions without opinion or citation to authority on December 27, 2007, and February 15, 2008, respectively. Montgomery timely filed his petition for relief on February 20, 2008.

---

[1] Montgomery does not challenge his conviction in these proceedings.

## II. ISSUES RAISED/DEFENSES

In his petition Montgomery raises two grounds for relief, alleging his due process rights were violated because: (1) there was no evidence that he possessed tobacco and (2) the offense does not rise to the level of a serious rules violation.

Respondent does not assert any affirmative defenses.[2]

## III. STANDARD OF REVIEW

Because Montgomery filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[6] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination

---

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams v. Taylor*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

was incorrect.[7]  Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

In applying this standard, this Court reviews the last reasoned decision by the state court,[9] which in this case was that of the California Superior Court.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

To the extent that Montgomery raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[11]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[12]  Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[13]

## IV.  DISCUSSION

Ground 1: Lack of Evidence.

After holding an evidentiary hearing, the SHO found:

---

[7] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[8] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[9] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[11] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). A federal court must accept that state courts correctly applied state laws. *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[12] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[13] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

**INMATE PLEA AND STATEMENT**:
Subject DENIED the charges pleading "Not guilty." Inmate Montgomery stated "There wasn't any tobacco in the cigarettes, they were rolled to play a joke on another inmate."

**REQUEST FOR WITNESSES**:
Subject requested the following witness.
STAFF: Reporting Employee C/O M.R. Herrera. Request Granted.
The witness provided the following information:
Q)   Were the cigarettes disposed of in the hot trash?
A)   No.
Q)   Did you open the cigarettes and inspect the material inside?
A)   Yes.
Q)   How did you determine the substance to be tobacco?
A)   By sight and smell based on my experience and knowledge.

**EVIDENCE PRESENTED AT THE HEARING**:
1) Rules Violation Report, dated 02-05-06 and issued to inmate on 02-11-07.
2) Witness Statement by Reporting Employee.

**FINDINGS**:
Subject found GUILTY based upon a preponderance of evidence, which substantiates the charge of "Possession of Tobacco." Basis for the finding included the following:
1) The Rules Violation Report, dated 02-05-07, authored by C/O H. Herrera, which reflects, in part, that during a clothed body search, the RE discovered a small plastic bag in the front shirt pocket of Montgomery. The plastic bag contained four (4) cigarettes. The RE disposed of the contraband in the hot trash.

**DISPOSITION**
FOUND GUILTY. THIRTY (30) DAYS LOSS OF CREDIT consistent with a Division "F" offense will be assessed against the subject. Subject was warned and counseled on future behavioral expectations.

Montgomery contends that because the cigarettes were neither retained and introduced as evidence, nor tested for the presence of nicotine, there was insufficient evidence to support the finding that he possessed tobacco. Montgomery further argues that since he was never permitted to have the substance tested for nicotine content, he was denied the opportunity to "marshal facts in his defense." The Solano Superior Court in denying his petition held:

> Petitioner has failed to state a prima facie case for relief on his claim. (*People v. Duvall* (1995) 9 Cal.4th 464.) Some evidence supports Petitioner's guilt of a rule violation as required by law. (*Superintendent v. Hill* (1985) 472 U.S. 455.) The

California Department of Corrections staff officer found cigarettes in Petitioner's pocket and testified they looked like and smell (*sic*) like tobacco.

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due a defendant in such a proceeding does not apply.[14] In the context of prison disciplinary proceedings the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken,[15] and (4) the findings must be supported by some evidence in the record.[16] Inmates do not, however, have a right of confrontation and cross-examination.[17]

The record in this case shows that the procedure followed by the California Department of Corrections and Rehabilitation in this case met the requirements of *Wolff–Hill*. Montgomery was (1) given advance written notice of the charges brought; (2) was not denied the right to call witnesses and present documentary evidence in his defense; (3) given a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken, and (4) the findings were supported by some evidence in the record. The reporting officer testified that, based upon his experience, the substance seized looked and smelled like tobacco. Credibility is uniquely exclusively within the province of the hearing officer. The SHO was entitled to rely on this testimony and disregard the contrary testimony of Montgomery.

To the extent that Montgomery contends that the imposition of discipline upon him was contrary to the CDCR regulations, that is, as noted above, a question of state law beyond the purview of this Court in a federal habeas proceeding.

This Court cannot say that the decision of Solano County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

---

[14] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[15] *Id.*, 418 U.S. at 563–66.

[16] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[17] *Wolff*, 418 U.S. at 567.

the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[18]  Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

      Ground 2:  Classification as a Serious Rules Violation.

      In his petition before this Court, Montgomery does not make any argument in support of his bare allegation that his "due process rights were violated because the offense does not rise to the level of a serious rules violation."  Consequently, to assess the basis for this ground, the Court has looked to the arguments presented to the Solano County Superior Court.

      In his petition for relief filed in the Solano County Superior Court, Montgomery argued that under California law, as well as the CDCR regulations, possession of tobacco was improperly classified as a serious offense.  The Solano County Superior Court rejected Montgomery's arguments, holding:  "The California Department of Corrections has discretion to classify possession of tobacco as misconduct not minor in nature, and therefore, treat it as a serious rules violation."  This is a question of state law, which, as noted above, is beyond the purview of this Court in a federal habeas proceeding.

      This Court cannot say that the decision of Solano County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[19]  Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

    /

      /

---

[18] 28 U.S.C. § 2254(d).

[19] 28 U.S.C. § 2254(d).

V.  CONCLUSION and ORDER

Montgomery is not entitled to relief under either of the grounds raised in the petition. Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[20]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  February 10, 2009.

                   /s/ James K. Singleton, Jr.
                   JAMES K. SINGLETON, JR.
                   United States District Judge

---

[20] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).